UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of RTH MECHANICAL CONTRACTORS, INC., <br><br> Plaintiff <br><br> v. <br><br> METHUEN CONSTRUCTION CO., INC., and LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendants | Case No. 2:26-cv-00037-SDN |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY

Defendant Liberty Mutual Insurance Company ("Liberty"), by and through undersigned counsel, hereby responds to the Plaintiff's Complaint in this action as follows:

## ANSWER

### Preliminary Statement of the Case

1. Liberty admits the allegations of paragraph 1 to the extent they reflect that Plaintiff has brought certain claims arising out of a subcontract with co-Defendant Methuen Construction Co., Inc. ("Methuen"). Liberty denies Plaintiff is owed any amount and further denies any allegations imparting liability to Liberty. Liberty further denies any remaining allegations contained in paragraph 1.

1

**Parties**

2. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 2 of the Complaint and therefore denies the same.

3. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 3 of the Complaint and therefore denies the same.

4. Admitted.

**Jurisdiction**

5. Admitted.

**Facts Common to All Counts**

6. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 6 of the Complaint and therefore denies the same.

7. The allegations contained in paragraph 7 constitute a legal conclusion that does not require a response. Further stating, Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 7 of the Complaint and therefore denies the same.

8. Liberty admits that the referenced Payment Bond No. 012209203 exists and speaks for itself as to its contents. Liberty denies all allegations that purport to characterize or interpret the document and otherwise denies the allegations in paragraph 8 of the Complaint.

9. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 9 of the Complaint and therefore denies the same.

10. The allegations contained in paragraph 10 constitute a legal conclusion that does not require a response. Further stating, Liberty is without sufficient knowledge and information

2

to admit or deny the allegations of paragraph 10 of the Complaint and therefore denies the same.

11. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 11 of the Complaint and therefore denies the same.

12. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 12 of the Complaint and therefore denies the same.

13. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 13 of the Complaint and therefore denies the same.

14. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 14 of the Complaint and therefore denies the same.

15. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 15 of the Complaint and therefore denies the same.

16. Denied.

**COUNT I – BREACH OF CONTRACT**
**RTH Mechanical Contractors, Inc. v. Methuen Construction Co., Inc.**

17. Liberty repeats and realleges its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

18. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 18 of the Complaint and therefore denies the same.

19. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 19 of the Complaint and therefore denies the same.

20. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 20 of the Complaint and therefore denies the same.

21. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 21 of the Complaint and therefore denies the same.

WHEREFORE, Liberty requests that the Court dismiss Count I with prejudice, award Liberty its costs and grant such other and further relief as the Court deems just and proper.

### COUNT II – MAINE PROMPT PAYMENT ACT, 10 M.R.S. §§ 1111-1120
### RTH Mechanical Contractors, Inc. v. Methuen Construction Co., Inc.

22. Liberty repeats and realleges its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

23. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 23 of the Complaint and therefore denies the same.

24. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 24 of the Complaint and therefore denies the same.

25. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 25 of the Complaint and therefore denies the same.

26. Liberty is without sufficient knowledge and information to admit or deny the allegations of paragraph 26 of the Complaint and therefore denies the same.

WHEREFORE, Liberty requests that the Court dismiss Count II with prejudice, award Liberty its costs and grant such other and further relief as the Court deems just and proper.

### COUNT III – PAYMENT BOND CLAIM 40 U.S.C. § 3133
### RTH Mechanical Contractors, Inc. v. Methuen Construction Co., Inc. and Liberty Mutual Insurance Company

27. Liberty repeats and realleges its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein.

28. Liberty admits that the referenced Payment Bond No. 012209203 exists and speaks for itself as to its contents. Liberty denies all allegations that purport to characterize or interpret the document and otherwise denies the allegations in paragraph 28 of the Complaint.

29. Denied.

30. Denied.

31. Denied.

WHEREFORE, Liberty requests that the Court dismiss Count III with prejudice, award Liberty its costs and grant such other and further relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails in whole or in part to set forth facts sufficient to state a cause of action against Liberty upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

3. Plaintiff's claims are barred in whole or in part by Plaintiff's own breach of contract.

4. Plaintiff's claims are barred in whole or in part by the doctrines of setoff or recoupment.

5. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

7. Plaintiff's claims are barred in whole or in part by Plaintiff's own negligence.

8. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

9. Plaintiff's claims are barred in whole or in part by its failure to comply with any applicable notice requirements.

Dated: March 12, 2026

Respectfully submitted,

*/s/Daniel L. Rosenthal*
Daniel L. Rosenthal, ME Bar No. 8618
K. Blair Johnson, ME Bar 10406

COUNSEL FOR DEFENDANTS

MARCUS|CLEGG
16 Middle Street, Unit 501
Portland, ME  04101
dlr@marcusclegg.com
kbj@marcusclegg.com
(207) 828-8000

## CERTIFICATE OF SERVICE

I, Daniel L. Rosenthal, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on March 12, 2026.

/s/ Daniel L. Rosenthal
Daniel L. Rosenthal